IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY CHIDESTER and NICHOLE
CHIDESTER, Individually and as Parents and
Next Friends of SYDNEY CHIDESTER, a Minor,

                Plaintiffs,                            OPINION and ORDER

       v.                                                 13-cv-520-bbc

CAMP DOUGLAS FARMERS COOPERATIVE,
TRIANGLE INSURANCE COMPANY, INC.
and HEALTH CARE SERVICE CORPORATION
ILLINOIS STATE PAC, NFP, d/b/a BLUE
CROSS BLUE SHIELD OF ILLINOIS.

                Defendants.

       v.

CHS, INC. and ZURN PEX, INC.,

                Third-Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Jeffrey Chidester, Nichole Chidester and Sydney Chidester are suing defendants Camp Douglas Farmers Cooperative and Triangle Insurance Company, Inc. for injuries suffered by plaintiff Sydney Chidester, a minor, as a result of an explosion allegedly caused by a propane tank installed by defendant Camp Douglas.

      Plaintiffs have filed two motions that are now before the court: one to strike portions of defendants' answers, dkt. #19, and one to amend plaintiffs' complaint, dkt. #36. Before

1

I consider either motion, I must first address whether this court has subject matter jurisdiction to hear this case. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998) (jurisdiction is a threshold matter that must be established before resolving issues on the merits). Although the parties have not raised this issue, I have an independent obligation to insure that jurisdiction exists. DeBartolo v. Healthsouth Corp., 569 F.3d 736, 740 (7th Cir. 2009) ("The parties may be content to assume that the district court had jurisdiction to resolve this dispute, but [the court is] not. Subject-matter jurisdiction is not an issue that can be brushed aside or satisfied by agreement between the litigants.").

Plaintiffs rely on 28 U.S.C. § 1332 as a basis for jurisdiction. This statute requires that (1) plaintiffs and defendants are citizens of different states and (2) the amount in controversy exceeds $75,000. Although plaintiffs' complaint appears to satisfy the second prong of these requirements, it does not show that plaintiffs' citizenship is completely diverse from that of defendants.

As individuals, plaintiffs are citizens of the state in which they are "domiciled," that is, "the state in which a person intends to live over the long run." Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). Moreover, although plaintiffs Jeffrey and Nichole Chidester are parties in their own right, to the extent that they act as legal representatives of minor plaintiff Sydney Chidester, their citizenship is the same as Sydney's. 28 U.S.C. § 1332(c)(2). In their complaint, plaintiffs state that Sydney "resided" in Illinois and Jeffrey and Nichole are "adult residents" of Illinois.

However, this statement is insufficient to establish plaintiffs' citizenship. In re Sprint

Nextel Corp., 593 F.3d 669, 673-74 (7th Cir. 2010) ("[B]eing a resident isn't the same thing as being a citizen, that is to say, a domiciliary . . . . [A] court may not draw conclusions about the citizenship of [parties] based on things like their phone numbers and mailing addresses."). See also Heinen, 671 F.3d at 670 ("'[C]itizenship' for the purpose of 28 U.S.C. § 1332 depends on domicile rather than residence."); Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998). Moreover, "it takes physical presence in a state, with intent to remain there, to establish domicile." Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). Plaintiffs' allegation about residency may show physical presence, but plaintiffs must also say whether they intend to remain in the state in which they reside.

A second problem is that plaintiffs have failed to allege all the facts necessary to determine the citizenship of defendants. A corporation is a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business, 28 U.S.C. § 1332(c)(1), which is its "main headquarters," that is, "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). Plaintiffs identify defendant Triangle Insurance Company, Inc.'s principal place of business as Oklahoma, but they say simply that it is a "foreign corporation" without identifying the state in which defendant is incorporated. Plaintiffs must respond with this information in order to establish defendant Triangle Insurance Company's citizenship.

Similarly, plaintiffs fail to explain the citizenship of defendant Douglas Camp.

3

Plaintiffs say that it is a "Wisconsin membership cooperative" with a principal place of business in Wisconsin. If defendant Douglas Camp is a corporation, plaintiffs must provide its state of incorporation. 28 U.S.C. § 1332(c)(1). However, if defendant Douglas Camp is unincorporated, plaintiffs must provide evidence of the citizenship of each of defendant Douglas Camp's members. Indiana Gas Co., Inc. v. Home Insurance Co., 141 F.3d 314, 316 (7th Cir. 1998) ("Unincorporated business entities . . . are treated as citizens of every jurisdiction in which any equity investor or member is a citizen . . . . Membership associations such as labor unions, joint stock companies, and joint ventures take the citizenship of each member.").

Finally, plaintiffs' allegations about defendant Health Care Service Corporation Illinois, d/b/a Blue Cross Blue Shield of Illinois, raise other questions related to diversity jurisdiction. First, plaintiffs do not allege sufficient information to determine the citizenship of defendant Health Care Service Corporation Illinois. Second, plaintiffs may not be diverse from this defendant. Plaintiffs have sought leave to amend their complaint to substitute this party for Chicago Regional Council of Carpenters Health and Welfare Fund. Dkt. # 36. The jurisdictional problems are the same for both parties, so the analysis is identical whether or not plaintiffs' complaint is amended. Consequently, I will analyze this court's jurisdiction as if Chicago Regional Council of Carpenters Health and Welfare Fund is the relevant defendant.

Plaintiffs say only that the Health and Welfare Fund's principal place of business is in Illinois and that it has an Illinois agent for service of process. Since plaintiffs say that the

4

Health and Welfare Fund is a "not-for-profit corporation," its state of incorporation is also necessary to determine its citizenship for jurisdiction. CCC Information Services, Inc. v. American Salvage Pool Association, 230 F.3d 342, 346 (7th Cir. 2000) ("[A] corporation is deemed a citizen of the State in which it was incorporated and of the State where it has its principal place of business . . . . The fact that [a party] is a not-for-profit member corporation rather than a corporation with shareholders is irrelevant to this determination.").

If it turns out that plaintiffs are Illinois citizens, their citizenship would not be diverse from that of the Health and Welfare Fund. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). When there is no controversy between the plaintiff and a subrogated insurer, such as the Health and Welfare Fund in this case, courts sometimes realign the insurer as a plaintiff, which eliminates the requirement of diversity between those parties. American Motorists Insurance Co. v. Trane Co., 657 F.2d 146, 149 (7th Cir. 1981) ("Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents . . . ."). See also Paulson v. Wisconsin Central, Ltd. No. 11-cv-303-bbc, slip op. at 3 (W.D. Wis. Jul. 19, 2011) (insurance company's rights subrogated to those of plaintiff against defendant properly aligned as plaintiff); Frahm v. Marshfield Clinic, 2007 WL 3287841, *2 (W.D. Wis. Nov. 7, 2007) (realigning insurance company as plaintiff because its "only interest in this lawsuit is in recovering money it has already paid to plaintiff; it may be entitled to do so if plaintiff is successful in her claims against defendants"). If the only reason plaintiffs

named Health and Welfare Fund is that this defendant may be entitled to reimbursement from defendants for medical payments it made to plaintiffs, then it is possible that plaintiffs and Health and Welfare Fund should be on the same side of this litigation.

ORDER

IT IS ORDERED that plaintiffs Jeffrey Chidester, Nichole Chidester and Sydney Chidester may have until November 25, 2013 to show that this court may exercise subject matter jurisdiction over this case. If plaintiffs do not respond by that date, I will dismiss the case for lack of subject matter jurisdiction.

Entered this 8th day of November, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge