IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY CHIDESTER and NICHOLE
CHIDESTER, individually and as Parents
and Next Friends of SYDNEY CHIDESTER,
a Minor,

            Plaintiffs,            OPINION & ORDER

and                                                  13-cv-520-jdp

CHICAGO REGIONAL COUNCIL OF
CARPENTERS HEALTH AND WELFARE
FUND

           Subrogated Insurer,

   v.

CAMP DOUGLAS FARMERS COOPERATIVE,
and TRIANGLE INSURANCE COMPANY, INC.,

           Defendants.

---

The plaintiffs in this case request that the court approve a comprehensive settlement agreement that will resolve all claims in this case and in a related case also before this court, *Chidester-Roesch v. Camp Douglas Farmers Cooperative*, Case No. 13-CV-521 (the '521 case). A similar motion has been made in the '521 case. Before approving the settlement in these two cases, the court will require additional information to ensure that the interests of the minor, Sydney Chidester, are appropriately protected.

Plaintiffs Jeffrey and Nichole Chidester bring this civil action on behalf of their minor daughter, Sydney. Sydney suffered severe injuries in an explosion at her grandparents' vacation cabin in Ashland, Wisconsin. Her grandparents were killed, but Sydney survived. Defendant Camp Douglas Farmers Cooperative had recently supplied, installed, and filled a propane tank at the cabin, which, according to the plaintiffs, caused the explosion. Defendant Triangle

Insurance Company, Inc. insured the Cooperative. The claims on behalf of the grandparents' estates are the subject of the '521 case. There are other claims and other parties in the two cases, but those are not material at the moment.

OPINION

Jeffrey Chidester asks the court to approve the settlement pursuant to Wis. Stat. § 807.10, which by its terms allows the guardian of a minor child to settle litigation brought on behalf of the minor. Dkt. 66-4. Jeffrey has been appointed Guardian of the Estate of Sydney by the Circuit Court of Kane County, Illinois, where the Chidesters live. Dkt. 66-3. But the Wisconsin statute does not govern this case.

In the Seventh Circuit, "even though the ultimate issue . . . concerns a settlement agreement, which is a matter governed by state law, it is federal law that dictates whether [a plaintiff is] entitled to act for" his daughter. *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010). In federal courts, Fed. R. Civ. P. 17(c), like Wis. Stat. § 807.10, allows a general guardian or "next friend" to sue on behalf of a minor. *See Enk v. Brophy*, 124 F.3d 893, 895 (7th Cir. 1997). However, "if the next friend has a conflict of interest, the court will appoint a next friend or guardian ad litem to represent the child plaintiff in the litigation." *Id.* In this case, Sydney's guardian is her father, who has a potential conflict of interest because he is likely an heir to Sydney's grandparents' estates, which will receive a portion of the available settlement funds.

Triangle Insurance has tendered its $4,000,000 policy limit to settle the claims arising out of this accident. Based on a review of the materials submitted with the motion to approve the settlement, this amount is not likely sufficient to fully compensate Sydney for her injuries. Apparently, however, the plaintiffs and their counsel have made the judgment that the

$4,000,000 is essentially all the funds available from the defendants, and they hired outside experts to support that determination. The court sees no reason to second-guess that call.

But the settlement proceeds will be divided between Sydney and the estates of her grandparents to settle the '521 case, with Sydney receiving $3,000,000 and each of her grandparents' estates receiving $500,000, with all amounts reduced substantially by attorney fees and expenses. Although this division may be appropriate, the motion to approve this settlement does not explain why it would be. Because Jeffrey likely stands to inherit a portion of the amount paid to the estates of Sydney's paternal grandparents, he is thus positioned to have a potential conflict of interest. *See Adam v. Frantz*, No. 02-cv-53, 2002 WL 32341816, at *1 (W.D. Wis. May 10, 2002) (noting that a guardian ad litem would likely be appropriate when a father's "interests are not necessarily one and the same as his daughter's"). To be clear: the court is not suggesting that Jeffrey is proposing anything inappropriate in this settlement. But given Jeffrey's position as both heir of the grandparents and guardian of Sydney, it would be wise to make a good record of how Sydney's long-term interests will be protected by the settlement.

Accordingly, Jeffrey Chidester is ordered to show cause within 14 days of this order why the court should not appoint a guardian ad litem to review the terms of the proposed settlement agreement to ensure that it is in Sydney's best interests. The appointment of a guardian ad litem is not a foregone conclusion, however. Under Illinois law, Jeffrey may be regularly accountable to the Kane County court for his investment and use of the settlement proceeds on Sydney's behalf. Thus, if Jeffrey can reasonably explain the division of the settlement proceeds and demonstrate that the supervision of the Kane County court will protect Sydney's long-term interest in her share of the proceeds, this court will approve the settlement of this case and the '521 case.

ORDER

IT IS ORDERED that Jeffrey Chidester may have until June 25, 2014, to show cause why the court should not appoint a guardian ad litem to Sydney Chidester for purposes of evaluating the proposed settlement, Dkt. 66.

Entered this 11th day of June, 2014.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge